## COUNTIES—INFIRMARY SUPERINTENDENT—INJUNCTION.

[Richland (5th) Circuit Court, September Term, 1905.]

Donahue, McCarty and Taggart, JJ.

### O. J. ZEIGLER v. B. FRANK PALMER.

INFIRMARY SUPERINTENDENT NOT AN OFFICER.

A superintendent of a county infirmary is an agent of the infirmary directors, and not an officer against whom proceeding must be brought to remove, as, under Rev. Stat. 962 (Lan. 2303), the appointment of such superintendent is a mere contract of employment for a fixed period, at the expiration of which a new appointment may be made, and the former occupant will be restrained by injunction from interfering in the enjoyment and duties of his office.

[For other cases in point, see 3 Cyc. Dig.. "Counties," §§ 71-78.—Ed.]

**Kerr & La Dow,** for defendant:

Where a public officer is in place and the discharge of his duties are interrupted or interfered with by one claiming title to the office, or by a mere meddler, injunction is the proper remedy. *Reemelin* v. *Mosby*, 47 Ohio St. 570 [26 N. E. Rep. 717]; *State* v. *Craig*, 69 Ohio St. 236 [69 N. E. Rep. 228]

Zeigler v. Palmer.

Rules of distinction between a public office and a public employ-
ment.  *State* v. *Wilson*, 29 Ohio St. 347; *State* v. *Brennan*, 49 Ohio St.
.33 [29 N. E. Rep. 593] ; 19 Am. & Eng. Enc. Law (1 ed.) 382, 668
*et seq.; United States* v. *Hartwell*, 73 U. S. (6 Wall.) 385 [18 L. Ed.
830] ; *State* v. *Jennings*, 57 Ohio St. 415 [49 N. E. Rep. 404; 63 Am.
St. Rep. 723] ; *State* v. *Halliday*, 61 Ohio St. 171 [55 N. E. Rep. 175] ;
*Walker* v. *Dunham*, 17 Ind. 483; *Dean* v. *Healy*, 66 Ga. 503; Opinion
of the Justices, 3 Me. 481; *State* v. *Putnam*, 35 Iowa 561; *State* v.
*Board of Pub. Works*, 51 N. J. Law 240 [17 Atl. Rep. 112] ; *State* v.
*Gardner*, 43 Ala. 234; *State* v. *McGonagle*, 26 O. C. C. 685; *Bender* v.
*Cushing*, 14 Dec. 65.

A board cannot hire or appoint for a term reaching beyond the
life of the board.  *Franklin Co. (Comrs.)* v. *Ranck*, 6 Circ. Dec. 133
(9 R. 301) ; *State* v. *Craig*, 69 Ohio St. 236 [69 N. E. Rep. 228] ; *Hard-
ing* v. *Eichinger*, 57 Ohio St. 371 [49 N. E. Rep. 306] ; *State* v. *Taylor,*
12 Ohio St. 130.

## TAGGART, J.

This case originated in the court of common pleas of Richland county
by the plaintiff, Zeigler, filing his petition and seeking an injunction
against B. Frank Palmer, restraining him from interfering with his duties
and labors as superintendent of the county infirmary, alleging that said
B. Frank Palmer was in possession of, and remaining in, said infirmary
building, and that he obstructed the plaintiff in his work and duty and
still threatens to obstruct him in the discharge of his duties in the
future.  A. temporary injunction was granted and the case was heard,
and on May 8, a perpetual injunction was granted in the case.  The
defendant, B. Frank Palmer, appeared and by consent of parties the
case was heard in this court on the records in the contempt proceed-
ings.

It is urged upon our attention that the defendant is and was the
incumbent of the superintendency of the infirmary building of the in-
firmary of Richland county, Ohio, and under Rev. Stat. 962 (Lan.
2303), no proceeding having been commenced against him, that he was
entitled to remain and be in possession of the buildings and exercise the
duties and enjoy the emoluments of the office of superintendent of the
county infirmary; that notwithstanding the infirmary directors some
time prior to April 1, had duly elected the plaintiff, O. J. Zeigler, to that
position, and had notified the defendant that his term would expire on
April 1, he pretended to remain in said building and exercise said du-
ties.

Richland County.

It is now urged in behalf of the defendant that he was an officer, and the action should have been one of quo warranto. It is further urged in his favor that as he was an officer he could not be removed as such superintendent under the statutes unless charges were preferred and cause shown for such removal.

An examination of the statutes of Ohio and the history of the legislation in respect to superintendency of infirmaries leads a majority of this court to the conclusion that he was not an officer, but that he was simply an agent of the infirmary directors, who are a body corporate to contract and be contracted with; that an appointment or designation of a superintendent is not efficacious to accomplish anything either as creating an employment or designating an office, but under the statutes the infirmary directors must agree with a proposed incumbent as to the terms of his employment, and he must accept the proposal so made. Before the amendment to the statutes as suggested by counsel he was removable at pleasure, so that any contract that the infirmary directors in their corporate capacity might make with any proposed superintendent would have written in before this amendment that he was removable at the pleasure of the infirmary directors. In the opinion of the majority of the court, the amendment simply changed the statute so that any contract of employment that might hereafter be made for any definite term there would be written into said contract as one of its terms the law of the state that he should not be removed during said term of employment without cause, and the majority of the court are of the opinion that he having accepted employment, and by the terms of his employment the contract ceased and determined on April 1, and he had no longer any right to be and remain on said premises, or in any wise to interfere or obstruct the plaintiff who was then the incumbent and superintendent of the Richland county infirmary.

That judgment of the court will be, that the defendant be perpetually enjoined from interfering with the plaintiff in the enjoyment and duties of his office as superintendent, as prayed for.

Exceptions will be noted in favor of the defendant, twenty days for finding of facts. Motion for new trial will be overruled. Statutory time for bill of exceptions.

The case of *B. Frank Palmer* v. *O. J. Zeigler,* No. 866, presents the same questions and by consent of counsel was heard on the records as above stated. A majority of the court find against the contention of the plaintiff for the reasons above stated. His petition is dismissed

.at his costs.    Motion for new trial overruled and exceptions.    Twenty days for findings of fact, and statutory time for bill of exceptions.

**McCarty, J.,** concurs.

**DONAHUE, J.,** dissenting.

By act of the legislature passed April 12, 1876 (73 O. L. 235), it is provided that the board of directors (infirmary) shall appoint a superintendent who shall reside in some apartment of the infirmary or other building contiguous thereto, and shall receive such compensation for his services as the board shall fix; he shall perform such duties as the board shall impose upon him and be governed in all respects by the rules and regulations of the board, and may be removed by them at pleasure.    This legislation to my mind does not look to the entering into of a contract by the infirmary directors and superintendent but simply provides that they shall have the power to appoint him and remove him at pleasure.

In April 26, 1898 (93 O. L. 262; Rev. Stat. 962; Lan. 2303), this section was amended by the general assembly of Ohio, and it now reads as follows:

"The directors shall appoint a superintendent, who shall reside in some apartment of the infirmary or other building contiguous thereto, and shall receive such compensation for his service as they determine.    He shall perform such duties as they may impose upon him, and may be governed in all respects by their rules and regulations, and he shall not be removed by them except for good and sufficient cause."

The language of this statute precludes the idea of any fixed term. The board has the absolute power to fix compensation, rules and regulations.    It has no power to remove except for good and sufficient cause. If it be permitted infirmary directors to enter into a contract with the superintendent for a term, the provisions of this section may be absolutely and entirely avoided, and the change in legislation might as well not have been enacted.

The reasons moving the legislature to amend this section are not important.    It is clearly intended to serve some purpose, and that purpose undoubtedly is in the line of better service for all public eleemosynary institutions, and if a superintendent is to be constantly menaced by the power of the board of infirmary directors to remove him, he is not the free agent that he ought to be in the management of that important public charity.    But I have no desire to go into speculations as to the reasons for the change; the change was made and it now reads that

the superintendent shall not be removed except for good and sufficient cause.

This is not the only legislation of this character in Ohio; there has been a great deal of a similar character. The new municipal code, 96 O. L. 75, Sec. 167 (Lan. 3156; B. 1536-703), provides that no officer or employe in the department of public safety shall be removed or discharged except for cause, and this does not apply merely to the officers thereafter appointed, but the last paragraph of the same section provides that no officer, secretary, sergeant, patrolman, fireman or other employe serving in the police or fire departments of any city in the state at the time this act goes into effect, shall be removed or reduced in rank or pay except in accordance with the provisions of this act.

In the case of *State* v. *Sullivan*, 58 Ohio St. 504 [51 N. E. Rep. 48; 65 Am. St. Rep. 781], the court in dealing with a statute of this character, says:

"The power of removal from office, conferred upon a mayor, in these words: 'For neglect of duty or misconduct in office, the mayor of such city may remove any member of said board,' is a special authority, and must be strictly construed. Such power cannot be exercised arbitrarily, but only upon complaint, and after hearing had in which the officer is afforded opportunity to refute the case made against him."

The evidence in these cases shows that no attempt was ever made to remove this superintendent for cause. The appointment was made upon the theory that his term of office had expired.

After the amendment of this Rev. Stat. 962 (Lan. 2303) in 1898 and some time in 1899, the board of directors of this county did appoint B. Frank Palmer superintendent of the county infirmary. It is presumed that such appointment was made under favor and by authority of this section. It is true that there is an attempt to limit this appointment to a term of one year. Under the appointment he qualified, gave bond and took the oath of office. From time to time thereafter the evidence discloses that there was an attempt to make a further appointment of the same individual as superintendent of the county infirmary, and such a resolution was entered upon the record but the evidence is uncontradicted that he paid no attention whatever to these appointments, and never qualified thereunder or furnished any new bond, and in no manner or form acquiesced therein. I am of the opinion that when he was appointed after the amendment of this

Zeigler v. Palmer.

section, he was appointed until he should be removed by said board of directors for good and sufficient cause.

For these reasons I dissent from the opinion of the majority of the court in these two cases.